UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                   Case # 3:11cr13-004/MCR

**REBECCA D. JERNIGAN**
                                                          USM # 20910-017

                                                          **Defendant's Attorney:**
                                                          Thomas F. McGuire, III (Appointed)
                                                          314 South Baylen Street, Suite 112
                                                          Pensacola, Florida 32502

### JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Count Two of the Indictment on March 14, 2011. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 841(c)(2) and 846 | Conspiracy to Possess and Distribute Pseudoephedrine, Knowing and Having Reasonable Cause to Believe that the Listed Chemical Would Be Used to Manufacture Methamphetamine | February 16, 2011 | Two |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
July 28, 2011

*/s/ M. Casey Rodgers*
M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE

Date Signed: August 3rd, 2011

Rec'd 0803'11 USDcFln 3PM 1256

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
3:11cr13-004/MCR - REBECCA D. JERNIGAN

Page 2 of 6

## PROBATION

The defendant is hereby placed on probation for a term of **5 years as to Count Two.**

While on probation, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a firearm, ammunition, or destructive device. The defendant shall also comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution.

For offenses committed on or after September 13, 1994: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1.  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2.  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.  the defendant shall support his or her dependents and meet other family responsibilities;

5.  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.  the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7.  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8.  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
3:11cr13-004/MCR - REBECCA D. JERNIGAN

Page 3 of 6

11.    the defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12.    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13.    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14.    if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF PROBATION

The defendant shall also comply with the following additional conditions of probation:

1.    The defendant shall participate in the home detention program for a period of 8 months. While on home detention, the defendant shall be in her place of residence except for absences approved by the U.S. Probation Officer for gainful employment, community service, religious services, medical care, education or training, or such other purposes as may be authorized by the U.S. Probation Officer. The defendant's step-father, John Radke, has been appointed as her third party custodian during this time. Upon request, the court will consider a temporary reprieve from home detention for a family function or vacation.

2.    The defendant shall be evaluated for substance abuse and referred to treatment as determined necessary through an evaluation process. The defendant may be tested for the presence of illegal controlled substances or alcohol at any time during the term of supervision.

3.    The defendant shall refrain from the consumption of alcoholic beverages while on probation.

4.    The defendant shall participate in a program for mental health counseling and treatment.

5.    With respect to the standard condition of probation prohibiting association with other convicted felons, the court waives this condition with respect to co-defendant, William Todd Neal, if both the defendant and Mr. Neal are sober and doing their best to maintain healthy lifestyles.

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case  
3:11cr13-004/MCR - REBECCA D. JERNIGAN

Page 4 of 6

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____    _____
Defendant                                                           Date

_____    _____
U.S. Probation Officer/Designated Witness          Date

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  
*3:11cr13-004/MCR - REBECCA D. JERNIGAN*  
Page 5 of 6

## CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $100.00 | Waived | None |

## SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$100.00** is imposed.

## FINE

No fine imposed.

## RESTITUTION

No restitution imposed.

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
3:11cr13-004/MCR - REBECCA D. JERNIGAN

Page 6 of 6

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; and (7) penalties in full immediately.

**Breakdown of fine and other criminal penalties is as follows:**
   **Fine: Waived   SMA: $100.00   Restitution: None   Cost of Prosecution: None**

**The $100.00 monetary assessment shall be paid immediately.** Any payments of the monetary assessment and the fine made while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.